NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY R. MYLES, | No. 15-56953 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-09122-GJS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gail J. Standish, Magistrate Judge, Presiding

Submitted May 12, 2017[**]
Pasadena, California

Before:   **KOZINSKI** and **OWENS**, Circuit Judges, and **WILKEN**,[***] Senior District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Claudia Wilken, United States Senior District Judge for the Northern District of California, sitting by designation.

Myles argues that, at step five of the evaluation process, the Administrative Law Judge ("ALJ") was required to apply the Medical-Vocational Guidelines table for "sedentary work," which would warrant a finding that he is disabled. At step five, the ALJ refers to the Guidelines to determine whether a claimant is able to perform other jobs in the national economy in light of his limitations (e.g., his age, education, work experience and residual functional capacity). See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(a)(4)(v). Where the Guidelines do not "completely and accurately represent a claimant's limitations," an ALJ must consult the testimony of a vocational expert ("VE"). Tackett, 180 F.3d at 1101–02.

Myles is capable of standing and walking for up to four hours in an eight-hour work day as well as lifting and carrying twenty pounds occasionally and ten pounds frequently. Thus, he falls between the "light work" and "sedentary work" classifications. 20 C.F.R. § 416.967(a)–(b); see also SSR 83-10, 1983 WL 31251, at *5–6 (Jan. 1, 1983) (explaining that "light work" has a six-hour cap for standing and walking while "sedentary work" has a two-hour cap). As applied to Myles, the Guidelines' "sedentary work" and "light work" tables lead to opposite conclusions of "disabled" and "not disabled," respectively. See 20 C.F.R. Pt. 404, Subpt. P,

App. 2, Rules 201.14 & 202.14.  Therefore, the ALJ properly relied on the testimony of a VE.  See Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).

The ALJ's hypothetical question to the VE adequately incorporated Myles's limitations.  See id. at 956.  The VE testified that Myles is capable of performing two "light work" occupations, cashier II and bench assembler, because a stool could be provided to accommodate his limitations.  The VE concluded that approximately 8,000 local jobs and 650,000 national jobs exist within these two occupations, after reductions to account for jobs in which a stool would not be available.  Myles satisfies all other "light work" requirements, including the ability to lift and carry up to twenty pounds.  20 C.F.R. § 416.967(b).  Accordingly, substantial evidence supports the ALJ's conclusion that Myles is not disabled.

**AFFIRMED.**